O
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 08-00091 SGL (OPx)                              Date:  January 28, 2009

Title:   JAY JOHNSON -v- WINN PROPERTIES, COACHELLA INVESTORS, JOSIE MEDEL INLAND EMPIRE LEGAL SERVICES CALIFORNIA HOUSING FINANCE AGENCY
=======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

      Jim Holmes                                        None Present
      Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                     None present

PROCEEDINGS:   IN CHAMBERS (No Proceedings Held)

          **ORDER STRIKING PLAINTIFF'S NOTICE TO DEFENDANTS (DOCKET # 80)**

          **ORDER GRANTING DEFENDANTS WINN RESIDENTIAL PROPERTIES, COACHELLA INVESTORS, AND JOSIE MEDEL'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOCKET # 73)**

          **ORDER GRANTING DEFENDANTS INLAND COUNTIES LEGAL SERVICES AND DOLORES LOPEZ'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOCKET # 75)**

          **ORDER VACATING FEBRUARY 2, 2009, HEARING**

     This case involves plaintiff's eviction from an apartment managed by defendants Winn Residential Properties, Coachella Investors, and Josie Medel, and the related unlawful detainer action brought against plaintiff in state court to secure his eviction, a proceeding at which plaintiff was represented by defendants Inland Counties Legal Services and Dolores Lopez.  The central allegations revolve around assertions of discrimination on the part of the apartment manager

MINUTES FORM 90                                                        Initials of Deputy Clerk: jh
CIVIL -- GEN                                       1

defendants and allegations of what in essence is a claim of legal malpractice by the legal counsel defendants in failing to thwart his eviction from his apartment.

On September 30, 2008, the Court dismissed plaintiff's initial complaint, but afforded him leave to amend his complaint.  The Court's Order, however, specifically informed plaintiff that his first amended complaint needed to "set forth both the factual basis and the legal basis for each claim asserted against each defendant" for it to be proper.

Subsequently, defendants Winn Residential Properties, Coachella Investors, and Josie Medel filed a motion to dismiss the amended complaint for failure to state a claim (docket # 73), and defendants Inland Counties Legal Services and Dolores Lopez filed a motion to dismiss (docket # 75).  Thereafter, plaintiff filed a cursory opposition to Inland Counties Legal Services and Dolorez Lopez's motion (stating little more than that he "denies the entire pleadings from ICLS," and quibbling with their failure to meet and confer with him before filing said motion), but put forward no opposition to the apartment manager defendants' motion to dismiss.  Instead, on December 5, 2008, plaintiff filed a "Notice to Defendants Clerks Entry of Default Judgment" (docket # 80) directed to defendants Winn Residential Properties, Coachella Investors, and Josie Medel.  However, the Court's docket contains no entry of default or an entry of default judgment in this case.  Accordingly, the Court hereby **STRIKES** plaintiff's Notice to Defendants Clerks Entry of Default Judgment (docket #80).

With no opposition filed by plaintiff to defendant Winn Residential Properties, Coachella Investors, and Josie Medel's motion to dismiss, the Court hereby deems said failure to be plaintiff's consent to the granting of the same.  See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not err in summarily granting defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to motion but failed to do so).  Accordingly, defendants Winn Residential Properties, Coachella Investors, and Josie Medel's motion to dismiss is **GRANTED** and all the claims in the amended complaint against said defendants are hereby **DISMISSED**

Insofar as defendants Inland Counties Legal Services and Dolorez Lopez's motion to dismiss is concerned, the Court finds the arguments set forth in the motion to dismiss to be well-taken and incorporates them as its reasoning.  Plaintiff's only articulated argument for denying the motion (as opposed to his blanket denial of the motion) — defense counsel's failure to meet and confer with him before the filing of the motion — is not well-taken.  Plaintiff is representing himself in this matter pro se.  The Local Rules expressly provide that the meet and confer requirement prior to the filing of a motion does not apply when one of the parties in question is proceeding pro se.  See Local Rule 7-3 (noting that meet and confer does not apply to "cases . . . listed as exempt in L.R. 16-12); Local Rule 16-12(c) (listing as among the exempted cases ones where "the plaintiff is appearing pro se and is not an attorney").  Accordingly, for the well-stated reasons set forth in defendants' motion to dismiss (docket # 75), the Court hereby **GRANTS** the motion and the claims against defendants Inland Counties Legal Services and Dolores Lopez are **DISMISSED**.

EDCV 08-00091 SGL (OPx)
JAY JOHNSON v WINN PROPERTIES, COACHELLA INVESTORS, JOSIE MEDEL INLAND EMPIRE LEGAL SERVICES CALIFORNIA HOUSING FINANCE AGENCY
MINUTE ORDER of January 28, 2009

Finally, the February 2, 2009, hearing set for the motions to dismiss is hereby **VACATED**.

**IT IS SO ORDERED**.